### PARKER v. VAN BUREN.

TRIALS WITHOUT WRITTEN PLEADINGS.

In trying a cause without written pleadings, the material issues are to
be gathered from the evidence as the trial progresses, and thus irrel-
evant testimony is liable to be admitted; but if in reviewing the
record of such a cause, it is found that the trial court committed
no substantial error bearing upon such material issues, the judg-
ment may be affirmed without reference to errors assigned in respect
to irrelevant issues or testimony.

*Appeal from the County Court of Arapahoe County.*

ACTION for recovery of money on special contract.   Judg-
ment in favor of plaintiff for $147.50 and costs.   Defendant
appeals.

Mr. JABEZ NORMAN and Mr. C. M. KENDALL, for appel-
lant.

Mr. B. F. HARRINGTON, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This action was commenced before a justice of the peace, so there are no written pleadings. On appeal in the county court it was tried without a jury, so there are no instructions to indicate the nature of the action.

From the evidence it appears that defendant Parker was the agent of "The National Capital Savings, Building and Loan Society of North America." Plaintiff Van Buren applied to defendant for a loan of $5,500, to be secured on her real estate, and paid to him $147.50 for the purpose of obtaining such loan. The loan was not obtained, nor any part thereof. When the time within which the loan was promised had elapsed, plaintiff demanded the repayment of the money advanced. Defendant refused to repay. Thereupon plaintiff brought this suit.

The evidence on the part of plaintiff shows that defendant personally undertook and agreed with her in consideration of the money advanced by her to him, that he would procure for her the loan of $5,500 on her property; or that in case of his failure so to do, he would pay back to her the whole of the money thus advanced.

Defendant testified that through him as agent for the Loan Society, plaintiff became a subscriber for fifty-five shares of the stock of such society; that she paid $55 (that is, $1 per share) to become a member of the society, and three months' dues in advance, at the rate of 50 cents per share per month, amounting to $82.50, and $10 for the examination of the abstract of her property, thus making the aggregate sum of $147.50. Defendant denied that he personally agreed with plaintiff that if she did not get the loan he would refund to her the whole of the money advanced. He testified that *he told her she could withdraw from the society if she did not get the loan, and receive her money back; but thought he did not explain what portion of the money would be paid back.*

The evidence shows that plaintiff subscribed for and received the fifty-five shares. The sum paid by her was evi-

dently made up of the items as claimed by defendant.  Upon this ground it is contended that plaintiff is bound by the charter and by-laws of the society and by the terms of her subscription, and that she can have no recovery contrary to such terms.

There would be some force in this contention if plaintiff were seeking a recovery against the Loan Society; but this suit is not against the society.  It is against the defendant individually, upon a contract alleged to have been entered into between plaintiff and himself, in his individual capacity. It certainly was competent for defendant to contract personally with plaintiff to pay back the money advanced by her to him in case he should fail to procure for her the desired loan.  It is undisputed that plaintiff tendered back the shares to defendant, when she demanded the return of the money advanced, and that she produced and offered to surrender the same on the trial.

Whether defendant did or did not make the contract personally, as claimed by plaintiff, was the real issue of fact to be determined from the evidence by the trial court.  The evidence upon such issue was somewhat conflicting, though by defendant's own testimony it is evident that he did not make it clear to plaintiff that she was to receive back only a part of the money advanced in case she did not obtain the loan.  The evidence in behalf of plaintiff fully sustained the issue on her part, and in ruling upon offers of testimony bearing upon this issue, there was no substantial error.  The alleged fraudulent conduct of defendant, and the rulings of the court upon that phase of the case, need not be reviewed, since they do not affect the substantial rights of the parties. Plaintiff's right of recovery did not depend upon the character of defendant's conduct—that is, whether fraudulent or otherwise.  The material question was: Did defendant personally agree to repay plaintiff in case of failure to procure the loan?  The evidence on this question being sufficient to justify the finding of the trial court, its judgment cannot be disturbed on this appeal.  It is accordingly affirmed.

*Affirmed.*